# STERLING ALUMINUM PRODUCTS, Inc., v. SHELL OIL CO., Inc.

## No. 1970.

District Court, E. D. Missouri, E. D.

Dec. 31, 1942.

Renderer & Smith, of St. Louis, Mo., for plaintiff.

Moser, Marsalek & Dearing, of St. Louis, Mo., for defendant.

COLLET, District Judge.

Plaintiff by motion seeks to have stricken the defensive plea of a Missouri Statute of Limitations. The facts necessary to an understanding of the issue must be taken from the pleadings. Those facts are as follows:

Plaintiff states that it is in the business of the manufacture and sale of pistons and rebuilt motors. That in testing used motor blocks for cracks fluid was inserted in the block, all openings were sealed and pressure was applied to the fluid. That prior to February 1935, plaintiff had been using for that purpose a water soluble solution which was noninflammable and nonexplosive. That in February 1935, the defendant solicited plaintiff to use its product for the purpose stated and warranted that its solution was nonexplosive, noninflammable and would not cause rust. Plaintiff states that relying upon that warranty it purchased defendant's solution and used it for the purpose for which it was war-

ranted and sold, but that in May 1940, a quantity of the solvent escaped from a motor block, spread upon the clothing of one of plaintiff's employees, became ignited and severely burned the employee, causing his death. It is further alleged that the Missouri Workmen's Compensation Act was applicable to both plaintiff and its employee with the result that pursuant to that Act plaintiff was compelled to pay to its deceased employee's dependent the sum of $4,000. The petition prays judgment for that amount and also for $200 damages to plaintiff's equipment and $1,000 damages from the shut-down of plaintiff's business resulting from the fire.

The answer denies many of the foregoing alleged facts and in addition sets up the defense of limitations in the following language: "3. Defendant states that whatever right, if any, plaintiff may have had to recover from defendant for the death of said Robert Wright (which occurred in the State of Missouri) was a subrogated right arising under and by virtue of Section 3699, Revised Statutes of Missouri, 1939. Defendant further states that the purported cause of action for the death of said Robert Wright, attempted to be asserted in plaintiff's petition filed herein, is based upon Section 3653, Revised Statutes of Missouri, 1939. And for further defense, defendant states that plaintiff is barred from maintaining this action for the death of said Robert Wright because this action was not instituted within one year after said cause of action accrued, if it ever accrued, as required by the provisions of Section 3656, Revised Statutes of Missouri, 1939."

Plaintiff takes the position that its action is based upon a breach of warranty and not upon the Workmen's Compensation Act or the Missouri death statute and hence the statutory limitations of the time within which actions may be brought under the Workmen's Compensation Act or the death statute are inapplicable.

The Compensation Act, Chapter 29, R.S. Mo.1939, § 3689, et seq, Mo.R.S.A. § 3689 et seq, provides as follows: "§ 3699. Where a third person is liable to the employee *or to the dependents,* for the injury or death, the employer shall be subrogated to the right of the employee or to the dependents against such third person, and the recovery by such employer shall not be limited to the amount payable as compensation to such employee or dependents, but such employer may recover any amount which such employee or his dependents would have been entitled to recover. Any recovery by the employer against such third person, in excess of the compensation paid by the employer, after deducting the expenses of making such recovery shall be paid forthwith to the employee or to the dependents, and shall be treated as an advance payment by the employer, on account of any future installments of compensation." (Italics supplied)

Section 3727, after stating the time within which claims may be filed provides: "In all other respects such limitations shall be governed by the law of civil actions other than for the recovery of real property, but the appointment of a guardian shall be deemed the termination of legal disability from minority or insanity."

Civil actions for death are authorized by Secs. 3652 and 3653, R.S.Mo.1939, Mo. R.S.A. § 3652, 3653. The time within which such actions may be brought is fixed by Sec. 3656, R.S.Mo.1939, Mo.R.S.A. § 3656, at one year after the cause of action accrues, with certain exceptions not now material.

It seems to be conceded by the parties that the limitation of one year fixed by Sec. 3656; is applicable if this action is based on the Compensation Act and either of the death statutes. Since the motion involves primarily the question of whether plaintiff's action is based on a breach of warranty or arises under the Compensation Act, the assumption stated will be indulged for the purposes of this motion.

A ruling on the question presented might well be deferred until the conclusion of the trial, as defendant suggests, if it was not for the fact that the scope of the preparation for trial may be materially affected and limited by the determination of this question of law.

The petition does not state a cause of action under the Compensation Act. When the employer brings action under that Act against a third party whose negligence caused an employee's death or injury, the employer sues for the entire damage to the employee irrespective of the amount paid by the employer pursuant to the Compensation Act. The recovery is in no way limited to the amount paid the employee and the employer acts as trustee for the employee

542

as to any amount recovered in excess of the outlay by the employer. The employer may not maintain an action under the Missouri Compensation Act for its loss alone without recognizing and protecting the rights of the cestui que trust. For that reason, and possibly others which need not be stated, there is no cause of action stated under the Compensation Act. That being the case any defense predicated upon the hypothesis that the action is based on the Compensation Act is not relevant to any issue presented by the petition.

The answer does not contain the usual allegation that the petition does not state a claim upon which relief can be granted and defendant disclaims any intention of treating its answer as a demurrer, hence there is no occasion to consider the sufficiency of the petition to state a cause of action on other grounds.

For the reason noted the motion to strike paragraph three of the answer is sustained.